IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT M LONG, et al.,

    Plaintiffs,

  v.

GINO POSTORIVO, et al.,

    Defendants.

No. C 07-01547 CRB

**ORDER**

    Plaintiffs Robert Long and Bob Long Adrenaline Sports Technology (BLAST) bring breach of contract and tort claims against defendants Gino Postorivo, National Paintball Supply (National), PBS Holdings Group, Inc. (PBS), and AJ Holdings, LLC (AJ Holdings). Long, a resident of California, is the founder, President and sole shareholder of BLAST, a leading manufacturer of paintball guns, called "markers." Postorivo, a resident of New Jersey, is the founder and former CEO and president of National, a corporation that distributed paintball markers, including those made by BLAST, and other paintball supplies. Plaintiffs allege that PBS is the corporate successor in interest to National. Plaintiffs further allege that National and/or PBS sold their assets, including BLAST markers, BLAST intellectual property, and the Oakland Assassins paintball team, to AJ Holdings.

    Now pending before the Court are the following four motions: 1) defendant Postorivo's motion to dismiss for lack of personal jurisdiction; 2) defendants' motion for judgment on the pleadings on the claims of alter ego liability, civil conspiracy, violation of

1 California Business and Professions Code § 17200, breach of fiduciary duty, and/or punitive
2 damages; 3) defendants' motion for dismissal or change of venue; and 4) defendants' motion
3 for discretionary change of venue.

4     After carefully considering the papers filed by the parties, and having had the benefit
5 of oral argument on October 5, 2007, the Court rules as set forth below.

**A.  Personal Jurisdiction**

Plaintiffs have made a prima facie showing that defendant Postorivo has sufficient contacts with California and that the claims in this suit arise from those contacts.  See Data Disc, Inc. v. Sys. Tech. Assos., 557 F.2d 1280, 1285 (9th Cir. 1977).  Postorivo has not met his burden of showing that personal jurisdiction in California is unreasonable.  Postorivo, through his roles as president and CEO of National, directed National's business activities in California.  He also sought a business relationship with California-based plaintiffs and maintained this relationship over the course of several years.  In addition, plaintiffs allege that Postorivo secured intellectual property for BLAST and orally agreed to sponsor the Oakland Assassins, a paintball team captained by Long.  The length and varied dimensions of the business arrangements evidence the ongoing nature of the relationship between Postorivo and the plaintiffs, making future consequences of such a relationship foreseeable in the state of California.  Therefore, the Court DENIES Postorivo's motion to dismiss for lack of personal jurisdiction.

**B.  Motion for Judgment on the Pleadings**

**1. Alter Ego Liability**

Plaintiffs allege on information and belief that National was the alter ego of Postorivo. They also allege on information and belief that PBS, the corporate successor of National, is the alter ego of Postorivo.  "At the pleading stage, conclusory allegations that a corporate entity is the alter ego of the defendant are insufficient to survive a motion to dismiss."  RAE Sys. Inc. v. TSA Sys., Ltd., No. 04-2030, 2005 WL 1513124, at *3 (N.D. Cal. June, 24 2005); accord Hockey v. Medhekar, 30 F. Supp. 2d 1209, 1211 n.1 (N.D. Cal. 1998); Hokama v. E.F. Hutton & Co., Inc., 566 F. Supp. 636, 647 (C.D. Cal. 1983).

Plaintiffs allege that Postorivo was the founder and former CEO and president of National. They also allege that Postorivo worked "in close coordination" with National, and that Postorivo personally assured Long of the success of their business transactions. Lastly, plaintiffs allege that Postorivo sold the assets of National in order to leave National without any assets from which BLAST may recover.

Plaintiffs describe PBS as the corporate successor in interest to National and the current alter ego of Postorivo but did not allege facts supporting a continuing relationship between PBS and Postorivo or Postorivo's involvement with PBS.

Because plaintiffs have made allegations only slightly beyond conclusory allegations that National and PBS were and are the alter egos of Postorivo, the Court GRANTS the motion for judgment on the pleadings with leave to amend as to both National and PBS.

**2. Civil Conspiracy**

The Court GRANTS the motion for judgment on the pleadings for civil conspiracy because under California law civil conspiracy is not an independent tort. See Entm't Research Group, Inc. v. Genesis Creative, 122 F.3d 1211, 1228 (9th Cir. 1997).

**3. California Business Professions Code § 17200**

The Court DENIES the motion for judgment on the pleadings for unfair competition because the defendants have failed to meet their burden of showing that Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163 (1999), applies to this case, that is, that this is a case between direct competitors.

**4. Breach of Fiduciary Relationship**

The Court DENIES the motion for judgment on the pleadings for breach of fiduciary duty because plaintiffs have pled the elements of a confidential relationship and that such a relationship gave rise to a fiduciary duty.

**5. Punitive Damages**

The Court DENIES the motion for judgment on the pleadings for punitive damages because plaintiffs have stated a claim for punitive damages under the Ninth Circuit's

3

pleading requirements by alleging that the defendants acted with malicious intent.  See Clark v. All-State Ins. Co., 106 F. Supp. 2d 1016, 1019 (S.D. Cal. 2000).

**C.     Motion to Dismiss or Change Venue**

Defendants move to dismiss or transfer the case pursuant to 28 U.S.C. § 1406(a). Venue in the Northern District of California is proper under § 1391(a)(2) because a substantial part of the events giving rise to the claim occurred in this District.

Defendants also claim that they conducted business with plaintiffs via purchase orders, which contained a forum selection clause requiring litigation to be brought in Gloucester County Superior Court in New Jersey.  Neither party has produced these purchase orders, and plaintiffs deny that the forms exist.  Accordingly, the Court DENIES defendants' motion to dismiss or change venue on the ground of a forum selection clause without prejudice.  Defendants may renew the motion within 60 days on the basis of the forum selection clause if defendants in good faith have evidence that plaintiffs agreed to such a clause.

**D.     Motion for Discretionary Change of Venue**

Defendants also move to transfer venue under 28 U.S.C. § 1404(a).  After balancing relevant considerations, such as the plaintiffs' choice of forum, ease of access to proof, the availability of compulsory process, the courts' relative familiarity with governing law, docket congestion, and the location where the alleged contract(s) were negotiated and executed, the Court concludes that the defendants have not made a strong showing that transfer to another district serves the convenience of the parties and witnesses or is in the interest of justice. Therefore, the court DENIES defendants' motion to transfer venue.

**E.     Case Management Conference Date**

The Court sets the parties' next Case Management Conference (CMC) for November 2, 2007, at 8:30am before the Honorable Charles R. Breyer.

4

**F.     Addition of KEE Action Sports, LLC**

The Court also GRANTS plaintiffs leave to amend to add KEE Action Sports, LLC (KEE) as a defendant.  The Court orders plaintiffs to serve KEE with sufficient time before the November 2, 2007 CMC.

**IT IS SO ORDERED.**

Dated: October 11, 2007

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE